Algis Peter ANKUS, Plaintiff–
Appellant,

v.

GEICO INSURANCE CO., et al.,
Defendants–Appellees.

No. 02–4327.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2003.*

Decided June 18, 2003.

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

## ORDER

This case arose from a 1994 auto accident involving the plaintiff, Algis Ankus. Mr. Ankus filed an uninsured motorist claim with GEICO, his insurance company, for medical expenses arising from the accident. GEICO in turn requested access to Mr. Ankus's medical records. When Mr. Ankus refused that request, GEICO denied reimbursement. A protracted arbitration ensued, which ended in the claim's

---

* Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

dismissal, the arbitrator having concluded that Mr. Ankus's refusal of authorization was willful and unjustifiable.

Mr. Ankus then filed a federal lawsuit, complaining that GEICO and its lawyers had maliciously delayed resolution of his claim; that GEICO had no right to demand access to his medical records; and that the arbitrator dismissed his claim unfairly. He asserted federal jurisdiction under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 (not 42 U.S.C. § 1983, as Mr. Ankus cites it), and the Privacy Act of 1974, 5 U.S.C. § 552a. But the district court found nothing in either of those acts relevant to Mr. Ankus's complaint, and therefore dismissed the case for lack of subject matter jurisdiction.

We agree with the district court that Mr. Ankus's case has no basis in either the ADA or the Privacy Act. Title I of the ADA prohibits discrimination against the disabled in the terms, conditions, or privileges of employment. *See* 42 U.S.C. 12112(a); *Dyke v. O'Neal Steel, Inc.*, 327 F.3d 628, 631 (7th Cir.2003). Mr. Ankus asserts that he is disabled (due to his 1994 accident), but his allegations in this case have nothing to do with employment discrimination–or, for that matter, with anything else covered by the ADA. The ADA thus provides no jurisdiction over Mr. Ankus's claims.

The Privacy Act, for its part, prohibits federal agencies from disclosing personal information about an individual without the individual's written consent. *See* 5 U.S.C. 552a(b); *United States Dep't of the Navy v. Fed. Labor Relations Auth.*, 975 F.2d 348, 350 (7th Cir.1992). But Mr. Ankus has not alleged that any agency improperly released information about him; rather, he complains that his consent for release of information was improperly demanded–an issue not addressed by the Privacy Act.

The dismissal of Mr. Ankus's case for lack of subject matter jurisdiction is therefore AFFIRMED.